Filed 5/11/26  P. v. Sepulveda CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085235 |
| v. | (Super.Ct.No. ICR17854) |
| AURELIO MARTIN SEPULVEDA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini, Judge.  Dismissed.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Aurelio Martin Sepulveda appeals from the order of the Riverside County Superior Court denying his request for resentencing under Penal Code section 1172.1 and Assembly Bill No. 600 (an Assembly Bill amending Pen. Code, § 1172.1; Stats. 2023, ch. 446, § 2, eff. Jan. 1, 2024). We will dismiss the appeal.

## BACKGROUND

In 1995, a jury convicted defendant of first degree murder and found true an allegation that he personally used a firearm (Pen. Code, §§ 187, subd. (a), 12022.5, subd. (a), respectively).[1] The trial court sentenced him to a state prison term of 29 years to life.

Defendant, acting in propria persona, submitted a request for recall of his sentence and for resentencing to the trial court in October 2024. The court read and considered defendant's request and, in an unreported ex parte proceeding, it denied the request on the grounds "a defendant may not initiate a recall petition per [section] 1172.1."

## DISCUSSION

On appeal, defendant contends reversal and remand for resentencing under amended section 1172.1 (hereafter, section 1172.1) is called for because the trial court abused its discretion when it denied his request for recall and resentencing under that provision. The People argue this appeal should be dismissed because the court's denial of defendant's requests for resentencing relief is not an appealable order. We agree with the People.

---

[1] All further statutory references are to the Penal Code.

Section 1172.1 sets forth the procedures for resentencing a defendant who has been convicted of a felony offense and committed to the custody of the Secretary of the Department of Corrections and Rehabilitation or to the custody of the county correction administrator pursuant to subdivision (h) of section 1170. (§ 1172.1, subd. (a).) It provides in relevant part that the trial court is authorized to recall a sentence and initiate resentencing on its own motion at any time if the applicable sentencing laws at the time of original sentencing had subsequently been changed by new statutory authority or new case law. (§ 1172.1, subd. (a)(1) & (3).) The statute makes clear that a defendant is not entitled to bring a section 1172.1 motion and that, if a defendant requests consideration, the trial court is not required to respond. (§ 1172.1, subd. (c).)

The right to appeal is determined by statute, and a party may not appeal a trial court's judgment, order, or ruling that is not expressly made appealable by statute. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237 limits a defendant's right to appeal postjudgment orders to those orders affecting the substantial rights of the party. (§ 1237, subd. (b).)

Here, defendant's petition requested recall of his sentence under section 1172.1. As noted, *ante*, section 1172.1, subdivision (c) specifically states that defendants are neither entitled to petition the court under section 1172.1 nor to receive a ruling if they nevertheless file one. Because the trial court had no statutory obligation to act on defendant's petition, he was not deprived of any substantial rights on account of the court choosing not to initiate recall and reconsideration of his sentence on its own motion. (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696; *People v. Hodge* (2024) 107

3

Cal.App.5th 985, 996.) Accordingly, the court's decision not to grant defendant's request to recall and resentence him is not an appealable order and we lack jurisdiction to hear it. (*Faustinos*, *supra*, at pp. 696-697; *Hodge*, *supra*, at p. 999.)

Defendant argues that we should find the order is appealable and that remand to the trial court for consideration of changes in the sentencing laws is called for because that court failed to recognize its authority to recall defendant's sentence and resentence him on its own motion if, after defendant's judgment was entered, the sentencing laws applicable to his case had been changed by new statutes or case law. (§ 1172.1, subd. (a)(1).) We are not persuaded.

The lack of mention by the court of its authority in the minute order does not reflect that it was unaware that it had discretion under section 1172.1 to initiate recall of defendant's sentence should it choose to do so. Moreover, the record reflects that the court had read and considered defendant's request, which recited that laws applied to his sentence had subsequently changed and that defendant was requesting the court exercise its discretion as allowed under section 1172.1.

Also lacking in merit is defendant's contention that reversal and remand is required in view of section 1171, which was added to the Penal Code after the trial court denied defendant's request. (Legis. Counsel's Dig., Assem. Bill No. 2483 (2024 Reg. Sess.) Stats. 2024, ch. 964, § 1, eff. Jan. 1, 2025.) That provision sets forth the procedures trial courts are to use when they receive a request "that is authorized in law" to begin a postconviction proceeding to modify a sentence or conviction pursuant to an ameliorative statute. (§ 1171, subds. (a) & (c)(1).) It does not apply to cases such as the

4

present one in which a trial court chooses not to respond to a defendant's unauthorized request for section 1172.1 resentencing relief.  (§§ 1171, 1172.1, subd. (c).)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

McKINSTER _____
J.

FIELDS _____
J.

5